UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Sammie Goodwin**, # 234046,<br><br>   Plaintiff,<br><br>vs.<br><br>**South Carolina Department of Corrections**;<br>**J. Valpey**, M.D., Department of Corrections Medical Doctor; and<br>**Medical Staff**,<br><br>   Defendants. | ) C/A No. 3:06-2248-RBH-JRM<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# *Background of this Case*

The plaintiff is an inmate at the Stevenson Correctional Institution of the South Carolina Department of Corrections. The plaintiff has brought suit against the South Carolina Department of Corrections, a doctor employed by the South Carolina Department of Corrections, and the "Medical Staff" of the South Carolina Department of Corrections.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint indicates that this civil rights action arises out of the administration of the wrong medications to the plaintiff on October 31, 2005. The plaintiff began to feel sick several days later and apprised medical staff that he was feeling ill. The

1

Medical Staff continued to give the plaintiff the wrong medications, despite the plaintiff's signing up for "SICK CALL." In the above-captioned case, the plaintiff seeks two hundred fifty thousand dollars ($250,000) in damages.

Appended to the complaint (Entry No. 1) is a copy of the plaintiff's Step 1 grievance form. The Warden of the plaintiff's correctional institution issued her decision relating to the grievance on February 13, 2006. The Warden's decision indicated: *(1)* "the situation was handled properly [w]hen the Medical staff realized what had occurred[;]" *(2)* the plaintiff had incurred co-payments for the wrong medications; *(3)* the co-payments had been refunded to the plaintiff; *(4)* "[t]his should resolve your grievance[;]" and *(5)* the Warden considered the grievance to be resolved.

Since there was no indication in the complaint and in the exhibit that the plaintiff had completed a Step 2 appeal of his grievance, the undersigned, in the order filed in this case on August 14, 2006, directed the plaintiff to answer Special Interrogatories relating to completion of Step 2 of the South Carolina Department of Corrections (SCDC) inmate grievance procedure. The plaintiff's Answers to the Court's Special Interrogatories (Entry No. 6) reveal that the plaintiff did *not* file a "Step 2" appeal of his grievance.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir.

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

As earlier stated, the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 6) reveal that the plaintiff did not file a "Step 2" appeal of his grievance.  As a result, this case is subject to summary dismissal because of the plaintiff's failure to exhaust his prison remedies.  *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act;

Porter v. Nussle, 534 U.S. 516, 524, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005).

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of

5

Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). See the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5 (Step 1 Grievance form) about the matters raised in his grievance and give the form to the Institutional Inmate Grievance Coordinator within **fifteen (15)** days of the alleged incident of which the inmate complains. The grievance coordinator has **five (5)** days from the time the grievance is presented by the inmate to put it into SCDC's automated system. Once the grievance is properly entered into the SCDC automated system, the Warden should then respond to the Step 1 grievance in writing within **forty (40)** days. If the inmate is not satisfied with the Warden's response, then, within **five (5)** days, he or she must file an appeal of the Step 1 grievance response by filing a Form 10-5a (Step 2 Appeal) to the Responsible Official with the Inmate Grievance Coordinator. A responsible SCDC official will then have **sixty (60)** days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter. Since the plaintiff failed to file a "Step 2" appeal from the Warden's decision issued on February 13, 2006, summary dismissal is appropriate. Woodford v.

Ngo, 74 U.S.L.W. 4404, 126 S.Ct. 2378, 2006 U.S. LEXIS® 4891 (U.S., June 22, 2006)(PLRA requires "proper exhaustion" of administrative remedies).[3]

The "lead" defendant, the South Carolina Department of Corrections, is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age

---

[3]The recent decision of the United States Court of Appeals for the Fourth Circuit in Green v. Young, 454 F.3d 405, 2006 U.S. App. LEXIS® 18685 (4th Cir. 2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), precludes the imposition of a strike in the above-captioned case.

Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Under Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. Higgins v. Mississippi, 217 F.3d 951, 2000 U.S.App. LEXIS® 15330 (7th Cir. 2000)("A state may, it is plain, waive its Eleventh Amendment immunity from being sued in federal court either legislatively, . . . or by an explicit waiver in the lawsuit in which it is named as a defendant, . . . provided that the waiver is authorized by state law."), where the Court ruled that a federal court could raise an Eleventh Amendment matter on its own initiative. The State of South Carolina has not consented to suit in a federal court. See a provision in the South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws, which expressly states that the State of South Carolina does *not* waive

8

Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.  *Cf.* Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

The administration of the wrong medication to the plaintiff is not actionable under 42 U.S.C. § 1983.  Negligent medical treatment is not actionable under 42 U.S.C. § 1983 or the Bivens doctrine.[4]  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Negligence, in general, is not actionable under 42

---

[4]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits."  Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).  Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*.  See Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

U.S.C. § 1983 or under the Bivens doctrine. *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the Bivens doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine. Estelle v. Gamble, supra, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also* Brooks v. Celeste, 39 F.3d 125, 1994 U.S.App. LEXIS® 31180 (6th Cir., November 9, 1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."), *rehearing denied*, 1995 U.S.App. LEXIS® 1400 (6th Cir., January 17, 1995); Sellers v. Henman, 41 F. 1100, 1103, 1994 U.S. App. LEXIS® 32,913 (7th Cir. 1994)("If act *A* committed by the *X* prison shows negligence but not deliberate indifference, and *B* the same, and

likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109, 1990 U.S. App. LEXIS 2473 (3rd Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976)(affirming summary dismissal); and Robbins v. Sweeney, 1994 U.S.Dist. LEXIS® 15874, *11, 1994 WESTLAW® 618488, *2 (E.D.Pa., November 2, 1994)("Mere allegations of negligent medical malpractice do not present a constitutional violation.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to

summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                            Respectfully submitted,

August 23, 2006                    s/Joseph R. McCrorey
Columbia, South Carolina      United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
